IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| DOVIE HALL, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO.: |
| ZODER'S COURT, INC. d/b/a | } | |
| ZODER'S INN & SUITES, | } | JURY OF TWELVE DEMANDED |
| Defendant. | } | |

## COMPLAINT

COMES NOW the plaintiff, Dovie Hall (hereinafter, "Ms. Hall" or "Plaintiff") by and through undersigned counsel, Law Office of James W. Friauf, PLLC, and for her Complaint against Zoder's Court, Inc. d/b/a Zoder's Inn & Suites (hereinafter, "Zoder's Inn" or "Defendant") avers as follows:

### I.     PARTIES

1. Ms. Hall is a resident citizen of the State of Tennessee, County of Cocke, who, during all relevant times, was a FLSA non-exempt employee of Defendant and a qualified individual with a disability able to perform the essential functions of her job with or without a reasonable accommodation.

2. Ms. Hall's disabilities include, without limitation: knee joint dysfunction. Ms. Hall has a record of her disabilities. Upon information and belief, Zoder's Inn otherwise regarded Ms. Hall as having disabilities.

3. Ms. Hall's disabilities substantially limit her major life activities, including, without limitation: performing manual tasks, walking, standing, reaching, lifting, and bending.

1

4. Zoder's Inn is a domestic corporation with its principal place of business in Gatlinburg, Tennessee. At all relevant times, Zoder's Inn was engaged in the hospitality industry and transacts or has transacted business in the State of Tennessee, County of Sevier. Zoder's Inn is authorized to conduct business in the State of Tennessee, and its registered agent is Matthew Zoder, who may be served with process at 402 Parkway, Gatlinburg Tennessee 37738.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action is being brought in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended.

6. The Court has supplemental jurisdiction over the remaining causes of action averred in the Complaint pursuant to 28 U.S.C. § 1367 in that such claims are so related to the claim within such original jurisdiction of this Court, they form part of the same case or controversy.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in Sevier County, Tennessee.

## III. GENERAL ALLEGATIONS

8. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1-7 herein, inclusive.

### A. Ms. Hall's Employment with Zoder's Inn

9. Ms. Hall began working for Zoder's Inn on or about March 15, 2014, as a housekeeper.

10. During all relevant times, Ms. Hall's job duties included: cleaning rooms, making beds, doing laundry, and performing related tasks.

2

11. During relevant times, Ms. Hall was compensated at an hourly rate of $8.50. In or about June 2014, Ms. Hall's compensation was increased to $8.75 per hour.

### B. Ms. Hall Suffers a Work-Related Injury to her Knee

12. On or about November 16, 2015, Ms. Hall suffered an injury by accident, which arose out of and occurred in the course of her employment with Zoder's Inn when she slipped on a rug and fell. The fall occurred on the employer's premises.

13. As a direct and proximate result of her slip and fall, Ms. Hall suffered an injury to her left knee.

14. Ms. Hall promptly notified Zoder's Inn of her accident and resulting knee injury.

15. Upon information and belief, Zoder's Inn notified its workers' compensation insurance carrier of Ms. Hall's accident.

### C. Ms. Hall's Medical Treatment for her Work-Related Injury

16. Ms. Hall requested medical treatment from Zoder's Inn and/or its workers' compensation insurance carrier; however, she was not provided a Panel of Physicians as required by the Workers' Compensation Law, Tenn. Code Ann. 50-6-101, *et seq*.

17. Ms. Hall was directed to seek medical treatment with James Jordan, M.D. (hereinafter, "Dr. Jordan").

18. Despite performing a physical examination of Ms. Hall and performing limited diagnostic testing, Dr. Jordan has failed to provide Ms. Hall a definitive diagnosis of her work-related injury.

19. Although more than four months have passed since Ms. Hall was injured, she continues to suffer pain and stiffness in her left knee, which she did not have prior to the November 16, 2015, injury.

20. In or about late February 2016, Dr. Jordan released Ms. Hall to return to work with restrictions which included without limitation, no heavy lifting and limited bending and climbing of stairs.

### D. Ms. Hall is Medically Cleared to Return to Work and Zoder's Inn Terminates her Employment

21. After being cleared to return to work with restrictions by Dr. Jordan, Ms. Hall contacted Jamie Holland (hereinafter, "Holland"), who was her direct supervisor.

22. Ms. Hall advised Holland that Dr. Jordan had released Ms. Hall to return to work with restrictions.

23. Holland responded that Zoder's Inn would not permit Ms. Hall to return to work with restrictions.

24. In or about March 2016, at Ms. Hall's request, Dr. Jordan released Ms. Hall to return to work without restrictions.

25. On or about March 24, 2016, after being released to return to work without restrictions, Ms. Hall contacted Holland and informed her she had been cleared to return to work without restrictions.

26. Upon information and belief, on approximately the same date of Ms. Hall's call to Holland, Dr. Jordan's office faxed a return-to-work note to Zoder's Inn confirming that Ms. Hall was authorized to return to work without restrictions.

27. Holland advised Ms. Hall that Zoder's Inn no longer had a position for her and her employment was terminated.

28. On or about March 28, 2016, Zoder's Inn and/or its workers' compensation insurance carrier terminated all workers' compensation temporary disability benefit payments to Ms. Hall.

### E. Zoder's Inn treats Ms. Hall less favorably than Similarly-Situated Employees who did not Pursue Workers' Compensation Benefits

29. Upon information and belief, during Ms. Hall's employment with Zoder's Inn, two other similarly situated employees were provided leave for non-work-related medical procedures and were allowed to return to work thereafter.

### F. Zoder's Inn Fails to Pay Ms. Hall Overtime Wages

30. During the course of Ms. Hall's employment with Zoder's Inn, she was scheduled to work six days per weeks for eight hours per day.

31. For every eight-hour shift worked, Zoder's Inn deducted 30 minutes for a lunch break from Ms. Hall's pay regardless as to whether or not Ms. Hall took the break.

32. Zoder's Inn required Ms. Hall to complete a specific amount of tasks per shift regardless of the length of time it took to complete those tasks.

33. Due to the demands of her workload, Ms. Hall worked through her 30-minute lunch break on numerous occasions during the course of her employment with Zoder's Inn.

34. Upon information and belief, Zoder's Inn was aware Ms. Hall routinely worked through her 30-minute lunch break. Nonetheless, despite this knowledge, Zoder's Inn deducted 30 minutes from Ms. Hall's compensable work time.

35. Ms. Hall routinely worked past the end of her scheduled shift in order to complete her assigned tasks despite the fact Zoder's Inn only compensated her strictly for eight hours of work per day.

36. Upon information and belief, Zoder's Inn was aware that Ms. Hall was routinely working past the end of her scheduled shift in order to complete assigned tasks. Nonetheless, despite this knowledge, Zoder's Inn did not compensate her for overtime.

## IV. CLAIMS FOR RELIEF

### A. Count One

Disability Discrimination:
(*Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103*)

37. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1 through 36 herein, inclusive.

38. Plaintiff has certain disabilities as set forth more fully herein.

39. Plaintiff's disabilities substantially limits Plaintiff in one or more major life activities as set forth more fully herein.

40. Plaintiff was otherwise qualified for her job with or without a reasonable accommodation.

41. Plaintiff suffered an adverse employment action in that she was terminated from her employment with Defendant.

42. Plaintiff was discriminated against in the terms and conditions of her employment and was terminated as a result of or solely as a result of her disabilities.

43. The foregoing acts of Defendant are in violation of the TDA.

44. As a direct and proximate result of Defendant's violations of the TDA, Plaintiff has suffered injuries and damages and is entitled to relief as set forth more fully herein.

### B. Count Two

<u>Tennessee Common Law Retaliation and Retaliatory Discharge</u>:

45. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1 through 44 herein, inclusive.

46. At all relevant times, Plaintiff was an employee of Defendant.

47. As set forth more fully herein, Plaintiff engaged in protected activity by pursuing a claim for workers' compensation benefits.

48. After engaging in protected conduct, Defendant terminated Plaintiff's employment.

49. Plaintiff's engagement in protected activity was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

6

Case 3:16-cv-00159-CCS   Document 1   Filed 04/07/16   Page 6 of 9   PageID #: 6

50. The foregoing acts by Defendant violate Tennessee's common-law prohibition against retaliation and retaliatory discharge for pursing a claim for workers' compensation benefits.

51. As a direct and proximate result of Defendant's violations of Tennessee common law, Plaintiff has suffered injuries and damages and is entitled to relief as set forth more fully herein.

### c. Count Three

<u>Failure to Pay Overtime Wages</u>:
(*Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 207*)

52. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1-51 herein, inclusive.

53. In or about 2014 and 2015, Plaintiff was employed by Defendant pursuant to 29 U.S.C. § 203(g). During this relevant time period, Defendant routinely suffered and permitted Plaintiff to work more than 40 hours per week.

54. Defendant failed to compensate Plaintiff one and one-half times her regular rate of pay for the time worked as averred in the preceding paragraph in violation of the FLSA's Overtime Wage provision, 29 U.S.C. § 207(a)(1).

55. The foregoing acts of Defendant constitute a violation of Plaintiff's rights pursuant to the FLSA.

56. As a direct and proximate result of Defendant's violation of Plaintiff's rights pursuant to the FLSA, Plaintiff has suffered injuries and damages and is entitled to relief as set forth more fully herein.

### V. DAMAGES

57. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1-56 herein, inclusive.

58. As a direct and proximate result of each and every one of the foregoing acts, conduct, and violations of the law alleged herein, Plaintiff has suffered damages in an amount and according to proof including, but without limitation, loss of employment, lost wages, lost overtime wages, loss of benefits, lost interest on wages and benefits, liquidated damages, any actual monetary loss suffered by Plaintiff, inconvenience, embarrassment, humiliation, loss of lifetime earning capacity, and other incidental and consequential damages. Plaintiff seeks reinstatement or, in the alternative, front pay.

59. Plaintiff is further entitled to and seeks recovery of attorneys' fees and costs pursuant to the FLSA.

60. Plaintiff further seeks an award of pre-judgment and post-judgment interest as permitted by law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for unpaid overtime wages and liquidated damages in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff prays for compensatory damages directly and proximately resulting from violation of her rights to be free from employment discrimination and retaliation and for any and all other damages she has suffered as may appear reasonable to the court and jury in an amount not less than **FIFTY THOUSAND DOLLARS ($50,000.00)**.

**WHEREFORE**, Plaintiff respectfully demands payment of her reasonable attorneys' fees and costs in bringing this action pursuant to the FLSA.

**WHEREFORE**, Plaintiff respectfully demands a jury of twelve be empaneled to hear this cause.

**WHEREFORE**, Plaintiff respectfully requests this Court award such other and further relief as may be appropriate and assess the costs of this cause against the Defendant.

Respectfully submitted this 7th day of April, 2016.

*Law Office of*
**JAMES W. FRIAUF, PLLC**

/s/ James Friauf
JAMES W. FRIAUF (#027238)
6515 Clinton Highway, Suite 207
Knoxville, Tennessee 37912
Tele: (865) 236-0347
Fax: (865) 512-9174
Email: james@friauflaw.com
Our File No.: 16-044

*Attorney for Plaintiff, Dovie Hall*

9