UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOVIE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-159-CCS |
| ) | |
| ZODER'S COURT, INC. d/b/a ZODER'S INN ) | |
| & SUITES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and by the consent of the parties [Doc. 14], including for entry of judgment.

Now before the Court is a Joint Motion for Approval of Settlement [Doc. 20]. The parties appeared before the Court for a motion hearing on October 27, 2016. Attorney James Friauf appeared on behalf of the Plaintiff, and Attorney Ronald Hill was present on behalf of the Defendant. The Plaintiff was also in attendance at the hearing.

For the reasons more fully explained below, the Court hereby **GRANTS** the Joint Motion for Approval of Settlement [**Doc. 20**].

### I. BACKGROUND

The Plaintiff filed her First Amended Complaint on April 7, 2016 [Doc. 2]. The First Amended Complaint alleges that the Plaintiff began working for the Defendant on or about March 15, 2014, as a housekeeper. The Plaintiff alleges that on or about November 16, 2015, she sustained an injury by accident, which arose out of and occurred in the course of her employment with the Defendant when she slipped on a rug and fell. The First Amended Complaint alleges

that on or about March 24, 2016, the Plaintiff was released by her physician to return to work without restrictions, but the Defendant advised the Plaintiff that she was terminated.

Relevant to the instant matter, the First Amended Complaint states that over the course of her employment with the Defendant, the Plaintiff was scheduled to work six days per week for eight hours per day. The Plaintiff alleges that for every eight-hour shift, the Defendant deducted thirty minutes for a lunch break from the Plaintiff's pay regardless as to whether she actually took the break. The Plaintiff states that on numerous occasions during her employment, she worked through her thirty-minute lunch break. In addition, the Plaintiff alleges that she routinely worked past her scheduled shift in order to complete her assigned tasks despite the fact that the Defendant only compensated her for eight hours of work per day. The First Amended Complaint alleges violations of the Fair Labor Standard Act ("FLSA"), the Tennessee Disability Act, retaliation, and retaliatory discharge.

## II.   POSITIONS OF THE PARTIES

In their Motion, the parties state that they have resolved all of the Plaintiff's claims and that they stipulate to the voluntary dismissal of Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a). In addition, the parties jointly move this Court to approve the parties' settlement regarding the Plaintiff's FLSA claim. The parties state that they have exchanged discovery concerning hours worked by the Plaintiff and wages paid to the Plaintiff. The parties submit that they attended a formal mediation and that they have agreed to resolve the FLSA claim for $500.00. The parties state that they have both been represented by legal counsel throughout the process and that the settlement was reached following extensive arms-length negotiations. In addition, the parties state that the settlement is fair and reasonable and that the settlement agreement is the result of a bona fide comprise between the parties on a variety of

disputed issues of law and fact. Further, the parties explain that the legal and factual nature of the claims and defenses in this case would have caused significant additional and unnecessary expenses for both parties should it proceed to trial.

Moreover, the parties state that they have reached an agreement as to the amount of attorney's fees, expenses, and costs in the total amount of $1,144.00. The parties submit that this amount includes the work performed on the FLSA claim as well as the other claims in this case. The Plaintiff and her counsel agree that the attorney's fee represents fair and adequate compensation for the work performed on the FLSA claim.

The parties request that their Joint Motion for Approval of Settlement be granted and that the Plaintiff's claims be dismissed with prejudice.

## III.   ANALYSIS

The Court's approval of settlements is only required in certain circumstances. Courts must ensure that the settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The compromise regarding the FLSA claim should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." Id. In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. Schneider v. Goodyear Tire & Rubber, Co., No. 5:13-cv-2741, 2014 WL 2579637, *2 (N.D. Ohio June 9, 2014).

During the hearing in this matter, the Defendant explained that the parties attended mediation on August 26, 2016, wherein all the Plaintiff's claims were settled. After reviewing discovery, the parties settled for $500.00 with respect to Plaintiff's allegations of underpayment for the hours she worked. In addition, the parties showed the Court the total settlement amount

with respect to the Plaintiff's remaining claims for retaliation, retaliatory discharge, and violations of the Tennessee Disability Act.

Plaintiff's counsel agreed with the Defendant's statements and stated that the settlement agreement was a reasonable compromise. Finally, the Plaintiff testified that her settlement agreement was reasonable and fair and that she fully understood that the amount of $500.00 represented the total amount she will receive with respect to her FLSA claim. The Plaintiff testified that she would like for the Court to approve the settlement and that she was not coerced or intimidated into settling her claims.

In the instant case, the Court has reviewed the Joint Motion and considered counsels' representations made at the hearing, including the Plaintiff's testimony. Moreover, the Court was able to assess the reasonableness of the FLSA settlement amount in context with the Plaintiff's entire settlement amount. The Court finds that the FLSA settlement amount and the attorney's fees are fair and reasonable. The Court notes that both parties are represented by counsel and that both parties acknowledge that bona fide factual and legal disputes exist. By settling, the Plaintiff is spared the burden of proving her claims and damages to a jury, and she is being fairly compensated with the wages of which she was allegedly deprived. Finally, the Plaintiff testified that the FLSA settlement agreement is fair and reasonable and that she would like for the Court to approve it. Accordingly, the Court finds that the parties' settlement agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355.

Finally, the Court has reviewed the parties' agreement with respect to attorney's fees in this case. The Court finds the fee request reasonable given that the amount represents the work performed on all the Plaintiff's claims. In addition, the Court notes that this case was filed in

April 2016 and resolved approximately four months later at mediation. Further, the parties have agreed that the attorney's fees represent fair and adequate compensation for the work performed.

**IV.　CONCLUSION**

Based upon the foregoing, the Court **GRANTS** the Joint Motion for Approval of Settlement [**Doc. 20**]. Pursuant to the parties' stipulation to the voluntary dismissal of this case with prejudice, the Court **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge